## No. 645

### NEW AMSTERDAM CAS. CO. v. LUFT

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6036. Decided Jan. 18, 1926

639. INJUNCTIONS—Surety on injunction bond is estopped to deny failure of execution and delivery of bond upon dissolution of injunction; the bond being a vital element, necessary to the granting of such relief.

949. PRESUMPTION—When an official act is shown to have been substantially regular, it is presumed that the formal requisites were also performed.

SULLIVAN, J.

In 1920, the French Borvisk Co. brought a suit for an injunction restraining Max Luft from entering its silk plant and a $1000 bond, later with a $9,000 bond were executed with the New Amsterdam Casualty Co. as surety.

The injunction was dissolved and Luft sued in the Cuyahoga Common Pleas seeking to recover $5500 in damages. Both parties moved for a directed verdict and the motion of Luft was favored.

Error was prosecuted and the Casualty Co. contended that there was failure of proof with respect to the execution and delivery of the bonds. The Court of Appeals held:

1. The surety company is bound by its own actions and conduct, that is, what was done in the course of the procedure with respect to the suretyship and acknowledgment of its obligation to the principal cannot be gainsaid.

2. By statute the restraining order, could not have issued without the bond and the bond would have been of no effect unless it was approved under statutory provision by the clerk.

3. The knowledge of the hearing to dissolve and the dissolution of the injunction itself were peculiarly in possession of the principal on the bond and counsel in the case, so that is a natural inference that the Casualty Co. was aware of each step in the procedure; and in absence of testimony as to fraud, forgery or lack of agency such inferences have weight of an evidentiary character.

4. Section 11882 GC. which provides that "no injunction shall operate until the party obtaining it gives a bond executed by sufficient surety etc." is the statute that applies in this case.

5. When an official act is shown to have been substantially regular, it is presumed that the formal requisites were also performed.

6. It is apparent that the Casualty Co. through its principal or through counsel, was bound to know that the termination of the injunction proceedings was the result, to a large degree, of its own connection with the case.

Judgment affirmed.

Attorneys—Day & Day for Company; Doerfler & Kornhauser for Luft; all of Cleveland.